*Singh v. Sessions*

BIA
Loprest, IJ
A205 069 193

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LAKWINDER SINGH,
> *Petitioner,*

v.                                                    17-272
                                                      NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Law Office of
                         Jaspreet Singh, Jackson Heights,
                         NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Stephen J.
                         Flynn, Assistant Director; Ann
                         Welhaf, Sergio Sarkany, Trial

Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lakwinder Singh, a native and citizen of India, seeks review of a December 27, 2016 decision of the BIA affirming a February 29, 2016 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lakwinder Singh,* No. A 205 069 193 (B.I.A. Dec. 27, 2016), *aff'g* No. A 205 069 193 (Immig. Ct. N.Y. City Feb. 29, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Singh's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), and Singh has filed

his merits brief.  Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

We have "review[ed] the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  "Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant[,] . . . the consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.

The agency's adverse credibility determination is supported by substantial evidence.  In making its

determination, the agency reasonably relied on inconsistencies and omissions in Singh's various statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent."). First, as the IJ found, Singh testified that he never sought to travel to the United States before 2010, when he allegedly was mistreated by members of the Congress Party, but the Government produced documentation showing that he sought a visa in 2009. The IJ reasonably concluded that this inconsistency raised "a reasonable inference that [Singh] hoped that his application (and the fact that it was made before his alleged persecution) would go unnoticed." Special App'x 39. *See Xiu Xia Lin*, 534 F.3d at 164 (holding that IJ may "rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible").

Second, we find no error in the IJ's reliance on Singh's statement at his border interview that he had suffered constant police harassment as inconsistent with his later

4

statement that he suffered abuse at the hands of Congress party members. The interview record was sufficiently reliable: it was created in the normal course of business; the interviewer explained the purpose of the interview; the interview was conducted through an interpreter; Singh was advised of his rights and placed under oath; and the interviewer asked Singh both an open-ended question about his fear of returning to India and whether he wished to make any additional statements. Although we have cautioned against placing too much emphasis on omissions from an initial interview because someone fleeing persecution may be apprehensive of authorities or feel coerced or threatened, *Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005), the record contains no evidence of such circumstances here. The inconsistency in Singh's statements—his later testimony that he was threatened and beaten by Congress Party members, and his interview statement that he had been harassed by the police—provides substantial support for the IJ's credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency relating to central aspect of asylum claim

provided substantial evidence for adverse credibility determination). The agency was not compelled to accept Singh's explanations that he was nervous and that the Congress Party controlled the police, because these explanations did not answer why he would first identify "the police" as his harassers when all of his subsequent statements mentioned only Congress Party members. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citation omitted)); *Ming Zhang v. Holder*, 585 F.3d 715, 725-26 (2d Cir. 2009) (reasoning that applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview).

Third, the IJ reasonably relied on Singh's omission from his asylum application of any mention of having sought medical treatment. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Singh testified that he sought treatment at a hospital after an October 2010 attack, but his application was silent on this

significant point, which would have reflected the gravity of his injuries. *See Ming Zhang*, 585 F.3d at 726.

In addition to these inconsistencies, the agency's adverse credibility determination was supported by the IJ's demeanor finding. That finding was grounded in Singh's failure to provide any specific dates in his credible fear interview or on cross-examination in his agency hearing, despite the inclusion of such details in his asylum application and his direct testimony before the IJ. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ reasonably concluded that Singh's inconsistent memory of dates was an indication that Singh may have been testifying from a script. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, [the observations] are supported by specific examples of inconsistent testimony.").

Finally, the agency reasonably relied on Singh's failure to rehabilitate his testimony with corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may

7

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in giving limited weight to Singh's documentary evidence, particularly since some of the affidavits that Singh presented closely tracked the language of his personal statement, thus calling into question their authorship. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (holding that "striking similarities between affidavits are an indication that the statements are 'canned'").

These inconsistencies and this omission, the questionable corroborating evidence, and the IJ's demeanor finding provide substantial evidence for the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. That determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief, because all three claims rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148,

156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the Government's motion for summary denial is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk